**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARCELL LAMONT SADDLER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  21-4695** |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF** | : | |
| **LABOR AND INDUSTRY** | : | |
| **UNEMPLOYMENT DIVISION** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                            **October 29, 2021**

Marcell Lamont Saddler *pro se* sues the Pennsylvania Department of Labor and Industry Unemployment Division seeking unemployment compensation benefits he alleges the Department denied him as well as "legal fees paid for" and damages. We granted Mr. Saddler leave to proceed *in forma pauperis*. Congress requires we now screen his complaint before issuing summons. He claims subject matter jurisdiction based on diverse citizenship, but the parties are both Pennsylvanians. We also have no pleaded basis to liberally construe his allegations relating to his appeal of state unemployment benefits as a federal question. We conclude we lack subject matter jurisdiction. We dismiss his complaint but grant him leave to timely amend if he can state a federal question against a proper party defendant.

**I.      *Pro se* allegations.**

Philadelphia resident Marcell Lamont Saddler alleges the Pennsylvania Department of Labor & Industry Office of Unemployment Compensation terminated his "benefits" on March 11, 2021.[1] Some unidentified person told him he qualified for "benefits" – presumably unemployment benefits – in the state of New Jersey. He alleges this statement is false. He filed an appeal with an unknown entity on March 11, 2021 and "called numerous times" to an unknown entity with no response. He alleges as of August 2, 2021, he is awaiting a hearing with an unidentified entity or

agency. He alleges he filed a "claim" with the State of New Jersey but it denied him benefits based on its determination his is not eligible for benefits in New Jersey.

Mr. Saddler asks us to "decide [his] case and award [him] the amount owed to [him]."[2] He seeks "legal fees paid for and damages in the amount the court finds necessary." He asserts he is entitled to the "money" he should have received from "January until September" – he does not specify the year – and contends the deprivation of benefits for nine months with "no income[,] no response[,] no resolution" caused him to incur at least $10,000 of debt.

Mr. Saddler alleges the basis of our jurisdiction is diversity of citizenship under 28 U.S.C. § 1332.[3]

## II.    Analysis

Having granted Mr. Saddler leave to proceed *in forma pauperis* as he is incapable of paying the fees to commence this civil action,[4] we must study the sufficiency of his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915(e)(2)(B)(ii) requires we "dismiss the case at any time if [we] determin[e] that – (B) the action … -- (ii) fails to state a claim on which relief may be granted …"[5] Section 1915(e)(2) applies to non-prisoners granted *in forma pauperis*.[6]

When considering whether to dismiss a complaint for failure to state a claim under § 1915(e)(2)(B)(ii), we use the same standard used under Federal Rule of Civil Procedure 12(b)(6).[7] "[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'"[8] "We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff."[9]  We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings …'"[10]

Federal courts are courts of limited jurisdiction.[11] We lack authority to address the merits of a case without subject matter jurisdiction.[12] Congress authorized our subject matter jurisdiction

over "all civil actions arising under the Constitution, laws, or treaties of the United States"[13] or civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" where there is diversity of citizenship between the parties.[14] As the person invoking federal jurisdiction, Mr. Saddler carries the burden of showing his case is properly before us.[15]

We do not enjoy subject matter jurisdiction. The parties are both from Pennsylvania. Mr. Saddler is a citizen of Pennsylvania and suing a Pennsylvania agency. We lack diversity of citizenship. There is no basis to find more than $75,000 in controversy.

Mr. Saddler also failed to identify a federal statute or Constitutional right allegedly violated as a basis for federal question jurisdiction. Even if we could construe Mr. Saddler's complaint to raise a civil rights claim, the named defendant Commonwealth of Pennsylvania's Department of Labor and Industry is immune from suit under the Eleventh Amendment and the Department is not a "person" for purposes of civil rights claims.[16]

## III.    Conclusion

Congress requires we screen and dismiss meritless claims filed by parties without paying filing fees. We lack subject matter jurisdiction. We must dismiss Mr. Saddler's claims arising from the Pennsylvania state agency's ongoing review of his unemployment benefits appeal. An amendment may not be futile if he can state a claim against a person potentially liable for a due process or other federal question. We grant him leave to timely amend if he can state a claim within our limited subject matter jurisdiction.

---

[1] ECF Doc. No. 2 § III. C.

[2] *Id.* § V.

[3] *Id.* § II. A.

[4] ECF Doc. No. 4.

[5] 28 U.S.C. § 1915(e)(2)(B)(ii).

[6] *Ibrahim v. New Jersey Office of Attorney Gen.*, No. 21-1129, 2021 WL 3012670, at *1 n.6 (3d Cir. July 16, 2021) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir. 2002); *Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007).

[7] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[8] *Id.* (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)).

[9] *Id.*

[10] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Higgs v. Attorney Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), as amended (September 19, 2011)).

[11] *Maglioli v. Alliance HC Holdings LLC*, No. 20-2833, 20-2834, 2021 WL 4890189, at * 12 (3d Cir. Oct. 20, 2021); *Temple Univ. Hosp., Inc. v. Sec'y United States Dep't of Health and Human Servs.*, 2 F. 4th 121, 130 (3d Cir. 2021).

[12] *Temple Univ. Hosp., Inc.*, 2 F. 4th at 130 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)).

[13] 28 U.S.C. § 1332 ("federal question jurisdiction").

[14] 28 U.S.C. § 1331 ("diversity jurisdiction").

[15] *Brown v. Progressive Specialty Ins. Co.*, 763 F. App'x 146, 147 (3d Cir. 2019) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)).

[16] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); *Foster v. Pennsylvania Human Relations Comm'n*, 157 F. App'x 488, 490 (3d Cir. 2005) (per curiam) (affirming dismissal of claims against the Pennsylvania Department of Labor and Industry on immunity grounds); *Gary v. Pennsylvania Dep't of Labor and Industry*, No. 13-2540, 2014 WL 2720805, at * 2 (M.D. Pa. June 13, 2014) (the Eleventh Amendment prohibits claims for money damages against a state agency and the Pennsylvania Department of Labor and Industry is not a "person" for purposes of Section 1983); *Bullard v. Bureau of Unemployment and Allowances*, No. 12-3686, 2012 WL 12887644, * 3 (E.D. Pa. Oct. 4, 2012) (Pennsylvania Department of Labor and Industry, Unemployment Compensation Board of Review is not a "person" for purposes of section 1983 and the Pennsylvania legislature expressly declined to waive its Eleventh Amendment immunity); *Leer Elec., Inc. v. Pennsylvania Dep't of Labor and Industry*, 597 F. Supp. 2d 470,

476 (M.D. Pa. 2009) (Eleventh Amendment bars claims against Pennsylvania Department of Labor and Industry).